IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| BRODEN, INC., <br> d/b/a BRODEN DESIGN GROUP, <br><br> Plaintiff, <br><br> v. <br><br> FAIRLAND MARKET, INC., <br> d/b/a MCKAY'S FOOD & PHARMACY, <br><br> Defendant. | Civil No. **PJM-21-3208** |

## MEMORANDUM OPINION

On December 17, 2021, Plaintiff Broden Inc. (d/b/a Broden Design Group) ("Broden"), filed this action against Fairland Market, Inc. (d/b/a McKay's Food & Pharmacy) ("McKay's), a commercial retailer located in Hollywood, Maryland. ECF No. 1. In its Complaint, Broden alleges a claim of breach of contract and an alternative claim of unjust enrichment. *Id.* McKay's failed to timely respond to the Complaint. In consequence, Broden moved for entry of default. ECF Nos. 4, 5.

After the Clerk entered the default of McKay's, ECF No. 9, and sent a notice of default to it, ECF No. 10, the Court received McKay's Motion to Vacate the Order of Default. ECF No. 11. For the reasons that follow, the Motion will be **GRANTED**.

I.

Broden, a New Jersey Corporation, is engaged in the business of providing design, branding, decor fabrication, and installation services to the commercial industry. Compl. ¶ 1. According to the Complaint, on or about January 17, 2020, it entered into an agreement with

1

McKay's to supply certain design services and materials for the renovation and remodeling of McKay's California, Maryland grocery store (the "Contract"). *Id.* ¶ 6. Broden was to provide services under the Contract in two phases, the Design Phase and the Production/Delivery Phase. It thereafter submitted quotes to McKay's for each phase. *Id.* ¶¶ 6–10. McKay's accepted both quotes and paid deposits. *Id.* The total invoice amount for the Design Phase was $27,150.00 and the estimated cost for the Production/Delivery Phase was $248,722.00. *Id.*

According to Broden, it provided all of the materials and services under the Contract. *Id.* ¶ 11. During the course of performance, McKay's made additional design and decor requests, resulting in an actual cost for the Production/Delivery Phase of $250,317.10. *Id.* ¶ 13. Under the terms of the Contract, McKay's was obligated to make payment within thirty (30) days of receipt for all invoices received from Broden, and a 1.5% interest charge would be assessed per month on any late invoices. *Id.* ¶ 14.

Broden alleges that McKay's breached the Contract by failing to pay all invoices due under the Contract. *Id.* 19–21. It states $90,767.10 remains due from McKay's, exclusive of contractual interest on the past due invoices. *Id.* ¶ 21. In addition, even if there was no breach, Broden alleges an alternative claim for unjust enrichment, arguing that allowing McKay's to retain the benefit of the design services and materials would be inequitable. *Id.* ¶¶ 22–25.

The record reflects that McKay's served with the Complaint on January 28, 2022 via certified mail. ECF No. 4. McKay's answer to the Complaint was due on February 18, 2022, but it did not respond within the requisite time period. Accordingly, Broden requested that the Clerk enter default on March 21, 2022. ECF No. 5. On April 13, 2022, the Clerk of the Court issued an

2

Order of Default. ECF No. 9. The corresponding notices sent to McKay's informed them that they had thirty days to "file a motion to vacate the order of default." ECF No. 10.

On May 13, 2022, thirty days following the issuance of the notice of default, McKay's filed the present Motion to Vacate Order of Default. ECF No. 11. It asserts that at the time McKay's received the Complaint, it was without counsel and experiencing various business and operational issues which caused significant disruption to its business. *Id.* at ¶ 8. Having now retained counsel, McKay's asks the Court to vacate the default entered against it and to accept its Answer as timely filed, a copy of which they have appended to their motion. ECF Nos. 11, 11-1.

## II.

In a similar case, Judge Xinis concisely described the relevant standard for motions to vacate default:

> A court may "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The United States Court of Appeals for the Fourth Circuit has announced a "strong policy that cases be decided on their merits." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993). Therefore, a motion to vacate default must be "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969). "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Id.* The moving party "should proffer evidence that would permit a finding for the defaulting party." *Russell v. Krowne*, No. DKC 08-2468, 2013 WL 66620, at *2 (D. Md. Jan. 3, 2013).
>
> In determining whether to set aside an entry of default, the Court considers if the movant has a meritorious defense, acted with reasonable promptness, and bears personal responsibility for the entry of default. *See Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 203 (4th Cir. 2006). The Court also must consider if the delay of proceedings caused any prejudice to the non-moving party, any history of dilatory action, and the availability of lesser sanctions short of default judgment. *See id.*; *see also Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010).

*Kihn v. Vavala*, No. 18-cv-02619-PX, 2019 WL 2492350, at *2 (D. Md. June 14, 2019) (granting Defendant's motion to vacate entry of default and denying Plaintiff's motion to strike Defendant's

3

belated answer). *See also Braxton v. Jackson*, No. 18-cv-1946-DKC, 2020 WL 6889257, at *2 (D. Md. Nov. 24, 2020) (granting Defendant's motion to vacate entry of default and ordering Defendant to file a supplemental answer).

### III.

Broden does not oppose the Motion. ECF No. 16. Accordingly, the Court focuses on whether McKay's has stated a meritorious defense and has given reasons for the delay. *See Russell v. Krowne,* No. 08-cv-2468-DKC, 2013 WL 66620, at *3 (D. Md. Jan. 3, 2013).

A defaulting party claiming a meritorious defense must state more than a conclusory statement of fact. *See Russell*, 2013 WL 66620, at *3; *see also Wainwright's Vacations, LLC v. Pan Am. Airways Corp.*, 130 F. Supp. 2d 712, 718 (D. Md. 2001) ("Although conclusive proof is not required, neither is a 'bare allegation of a meritorious defense' sufficient.") (quoting *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 252 (4th Cir. 1967)).

McKay's states that it has meritorious defenses, especially with respect to the amount of damages alleged. ECF No. 11 ¶ 10–11. It claims that certain of Broden's services "were not performed in a workmanlike manner," requiring McKay's to remount and repair certain décor. *Id.* Further, McKay's proposed Answer sets forth various affirmative defenses. *See* ECF No. 11-1.

Next, the Court notes that McKay's filed its Motion to Vacate Order of Default with "reasonable promptness". *See Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 203 (4th Cir. 2006). Given that McKay's was unrepresented when it was served with the Complaint and that it complied with the Clerk's notice informing it that it must move to vacate the entry of default within 30 days, the Court finds that McKay's promptly sought to remedy its deficiency.

Finally, McKay's has offered an explanation for its failure to file its Answer. It submits that it has been undergoing various operational issues which caused and continue to cause

significant disruption to the business. ECF No. 11 ¶ 8. The Court need not deeply analyze its inaction here because as "moving under Rule 55(c) ... does not require a finding of excusable delay." Instead, the Court looks to whether the defaulting party offers a rational explanation for the default, and if so, the Court will excuse the delay of answer unless the defaulting party acted in bad faith. *Russell*, 2013 WL 66620, at *3 (citing *Mezu v. Morgan State Univ.*, No. 09-2855, 2010 WL 1068063, at *6 (D. Md. Mar. 18, 2010)).

Given the strong policy that cases be decided on their merits, *United States v. Shaffer Equipment Company*, 11 F.3d 450, 453 (4th Cir. 1993), the Court finds that the short delay in this case is tolerable. Although McKay's "may have been somewhat at fault" in its failure to timely respond, "this fact alone [does] not mandate denial" of its motion to vacate. *Kihn*, 2019 WL 2492350, at *2-*3 (quoting *Wainright's Vacations, LLC v. Pan Am. Airways Corp.*, 130 F.Supp.2d 712, 720 (D. Md. 2001)). Further, granting the Motion is unlikely to prejudice Broden given the short delay and Broden's non-opposition to the Motion. The Motion to Vacate Order of Default is therefore granted.

### IV.

For the foregoing reasons, the Motion to Vacate Order of Default, ECF No. 11, is **GRANTED**.

McKay's Answer to the Complaint, ECF No. 12, is deemed to have been timely filed.

A separate Order will **ISSUE**.

June 2͟1͟, 2022

**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

5